**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| v. | |
| | *   Criminal No.  MJG-13-0288 |
| **KEVIN T. JONES** | |

*   *   *   *   *   *   *   *   *   *   *   *   *

**MOTION FOR RECONSIDERATION OF DENIAL
OF DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

Kevin T. Jones, through his undersigned attorneys, hereby moves this Court to reconsider the prior ruling by the Honorable Ellen L. Hollander denying the Defendant's Motion to Suppress evidence obtained by the warrantless search of his automobile and the seizure of the firearm that is at issue in this case, and for good cause states as follows:

1. Prior to the trial of this matter, the Honorable Ellen L. Hollander presided over a suppression hearing. As this Court undoubtedly recalls from the actual trial of this matter, the firearm in question was recovered when four Baltimore City officers approached Mr. Jones while his car was parked in a legal spot in a parking area associated with an apartment complex in Northeast Baltimore where Mr. Jones then resided.

2. The testimony at the suppression hearing came from three of the four officers: Edge, Jenkins, and Kostopolis. The fourth officer, Officer Langjahr was present but did not testify. Though the testimony of the three testifying officers was contradictory in some respects, it essentially reduced to the following: Officer Edge and Officer Jenkins approached the vehicle on the driver's side while Officers Kostopolis and Langjahr approached on the passenger's side; Mr. Jones was

leaning into the vehicle on the driver's side; when Officers Edge and Jenkins identified themselves, Mr Jones was startled and tossed an object onto the passenger side seat; at that time, so the three officers testified, Officer Kostopolis claimed that the object that Mr. Jones tossed into the passenger seat was a firearm that Officer Kostopolis immediately saw. The testimony went on to recite that Officer Kostopolis announced that a gun was present. The firearm was seized and Mr. Jones was arrested.

    3. At the suppression hearing, the defense had not yet been supplied the notes of the Case Agent, Detective Edgar Allen. These notes, made close in time to the actual events, were of Detective Allen's interviews of the four officers, and were made available to defense counsel for the trial. These notes, on their face, suggest a different scenario in which Officer Langjahr, the non-testifying officer, was actually the officer who first saw the firearm and then announced "firearm" to the other officers. This account was directly contrary to Officer Kostopolis' testimony that he, and not Officer Langjahr, was the officer to first see and identify the firearm. Detective Allen was called as a witness by the defense at the trial and questioned about his notes. Though he claimed that this was simply a function of his own poor note-taking, that claim was simply incredible. A copy of the notes is attached as Exhibit 1, and Detective Allen's complete testimony is attached as Exhibit 2. On their face, the notes could not be more clear that Officer Langjahr – and only Officer Langjahr – was the officer who purportedly spotted the firearm. There is nothing in the notes to even suggest that Officer Kostopolis was the central seizing officer.

    4. This discrepancy reflected in Detective Allen's notes is material to the resolution of the suppression issue. It relates directly to the credibility of the officers and the integrity of their account of the events of that evening. It raises the significance of the other inconsistencies in their testimony

by challenging the core version of events. Detective Allen himself recognized the central significance of the discrepancy when he testified on cross-examination by government counsel:

> If I thought for a second that somebody said, if they said to me first Langjahr, Langjahr, Langjahr, and came back later and said oh, no, it was Kostopolis, then the case would have been declined. It would have never come through.

*See* Exhibit 2 at p. 353. This was a stunning admission by Detective Allen that the discrepant account was central to the case and central even to the original decision to authorize the matter for federal prosecution. Implicit in Detective Allen's government-elicited testimony on this point are the well known credibility problems associated with the Baltimore City Police Department.

 5. This discrepant account was never aired before Judge Hollander because defense counsel had not yet received Detective Allen's notes. Thus, Judge Hollander made her findings based solely on what appeared to be the fundamentally uncontradicted testimony of the three officers. These notes and Detective Allen's testimony are so significant, that one can no longer say that Judge Hollander would have ruled the way she did had she known of this core contradiction. Accordingly, it is necessary to re-litigate the question of the propriety of the seizure of the weapon now that this new information has come to light. It is for that reason, that the defense is requesting that the Court schedule a hearing in which the issue of suppression can be re-considered in light of this new evidence.

 WHEREFORE, for the reason stated above, it is respectfully requested that the Court hold a new evidentiary hearing in order to reconsider the question of the validity of the seizure of the

firearm allegedly taken from Mr. Jones' automobile.

                                                JAMES WYDA  
                                                Federal Public Defender  
                                                  for the District of Maryland  

                                                          /s/  
                                                DEBORAH BOARDMAN, 28655  

                                                          /s/  
                                                JOSEPH L. EVANS,  02055  
                                                Assistant Federal Public Defender  
                                                Office of the Federal Public Defender  
                                                100 South Charles Street  
                                                Tower II, Ninth Floor  
                                                Baltimore, Maryland 21201  
                                                Phone: 410-962-3962  
                                                Fax: 410-962-0872  
                                                Email: Deborah_Boardman@fd.org  
                                                        Joseph_Evans@fd.org